# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>EDWARD J. SCIABA, JR.,<br><br>                      Debtor | Chapter 7<br>Case No. 03-20569-RS |
| LYNNE F. RILEY,<br>  CHAPTER 7 TRUSTEE,<br><br>                      Plaintiff<br><br>v.<br><br>EDWARD J. SCIABA, JR., et al.,<br><br>                      Defendants | Adversary Proceeding<br>No. 04-1088 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ADELE SCIABA

The Plaintiff, Lynne F. Riley, as she is Chapter 7 Trustee in the Bankruptcy Case of Edward J. Sciaba, Jr. ("the Trustee"), has moved for sanctions against Adele Sciaba ("Ms Sciaba") under FED. R. CIV. P. 37(b)(2) for failure of Ms. Sciaba to produce subpoenaed documents or to comply with an order of this Court compelling her to produce the same documents. The Trustee seeks attorney's fees for the time required to prosecute this motion and a penalty of $200 for each day after the date of the order that she fails to produce the documents. Ms. Sciaba, who is the Debtor's mother and not herself a party to this adversary proceeding, opposes the motion. For the reasons set forth below, the Court will allow the motion and enter a separate order of contempt.

**Procedural History and Findings of Fact**

The Debtor, Edward Sciaba, Jr., filed a Chapter 7 petition on December 30, 2003. Lynne F. Riley is the duly-appointed chapter 7 trustee in the case. On March 17, 2004, she filed the complaint herein against the Debtor and his wife, Deborah Sciaba, both individually and in their capacities as joint trustees of the M&E Realty Trust. By her complaint in this adversary proceeding, the Trustee objects to the Debtor's discharge and seeks to recover certain assets that the Debtor allegedly fraudulently conveyed to his wife and to the M&E Realty Trust.

On March 28, 2005, and in connection with the complaint, the Trustee served a deposition subpoena on the debtor's mother, Adele Sciaba. Ms. Sciaba promptly moved to quash the subpoena. In response, the Trustee moved to compel Ms. Sciaba to produce the documents requested by the subpoena. On May 24, 2005, and after a hearing, the Court denied the motion to quash as to Ms. Sciaba's obligation under the subpoena to produce documents responsive to the subpoena and dating from and after 1998,[1] and the Court ordered her to produce all such documents. Ms. Sciaba did not appeal from the order.

On July 21, 2005, the Trustee filed the motion now before the Court, a motion under FED. R. CIV. P. 37(b)(2) for sanctions. The sanctions she seeks consist of attorney's fees for the time required to prosecute this motion and a penalty of $200 for each day after the date of the requested order that she fails to produce the documents. The Trustee contends that sanctions are justified because Ms. Sciaba has not produced any documents responsive to the subpoena, has shown no intent to cooperate, has not responded to inquiries from Trustee's counsel concerning her delinquency, and, since the start of discovery, has generally exhibited an intent to delay and

---

[1] The Court allowed the motion to quash as to the deposition itself and as to production of documents dated prior to 1998.

obstruct.

In her opposition to the motion, Ms. Sciaba did not challenge the validity of the subpoena or of the order compelling her to comply with it. Nor did she contend that she had complied in any measure with the order. Instead, by way of excuse, she offered the following: that because of her age and infirmity, she is dependent on her son, the Debtor, to do the physical work of gathering and producing the documents; that the documents requested are numerous; that the Debtor prefers to wait until all documents are assembled before producing any portion to the Trustee; that her own counsel has been busy with other matters; and that Trustee's counsel has been impatient and has failed to attempt to resolve this matter informally.

The Court has now held a series of four hearings on this motion over the course of one month. Despite the repeated opportunities I have afforded her to produce the documents, she has so far made only very limited production—and that only on the eve of a hearing, to permit her counsel to deny that no production had been made. She remains far from substantial compliance and close to no production at all.

Nor do I find merit in her various excuses. However numerous the documents may be, most (and probably all) could well have been produced long ago. Despite her age and alleged infirmity, it is clear to me that, were she intent on producing the documents, she would and could have managed to produce them by now, with or without the assistance of the Debtor. She has consistently acted with intent to delay discovery and obstruct the Trustee in her prosecution of this adversary proceeding. And Trustee's counsel has not failed to afford Ms. Sciaba an opportunity to resolve this matter without the process that has proven necessary; if anything, she and her own counsel who have made this necessary by their consistent unresponsiveness. If impatience was demonstrated here, it was not without warrant.

**Discussion**

As a preliminary matter, the Court notes that, as Ms. Sciaba is not a party to this adversary proceeding, the Trustee may not properly invoke Rule 37(b)(2) against her. Instead, Ms. Sciaba is a participant in this adversary proceeding as the subject of a subpoena duly issued under FED. R. CIV. P. 45, made applicable in bankruptcy cases by FED. R. BANKR. P. 9016. Accordingly, and because the Trustee's motion seeks in essence to enforce the subpoena by civil contempt, the Court treats her motion as one to hold Ms. Sciaba in contempt under FED. R. CIV. P. 45(e).

This Court has authority to enforce its subpoenas and orders by the power of civil contempt.[2] The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an order of the court and to compensate the harmed party for losses sustained on account of the contempt. *In re Power Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir. 1991). The Trustee's motion for sanctions is entirely consistent with and limited to these purposes.

The Court finds that Ms. Sciaba has knowingly and intentionally failed to comply with the subpoena issued upon her and with the subsequent order of this Court compelling her to comply with it. Accordingly, the Court finds that she is in contempt of this Court and its orders. The Court further finds that Ms. Sciaba is unlikely to comply unless compelled to do so by an order of civil contempt, and that the sanction suggested by the Trustee is appropriate to that end.

---

[2] 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title."); and *In re Power Recovery Systems, Inc.*, 950 F.2d 798 (1st Cir. 1991) (bankruptcy courts are vested with power of civil contempt). See also FED. R. CIV. P. 45(e) (failure to obey subpoena may be deemed contempt of court), made applicable by FED. R. BANKR. P. 9016, and FED. R. BANKR. P. 9020 (prescribing process governing a motion for an order of contempt).

Accordingly, the Court will enter a separate order of civil contempt, requiring that Ms. Sciaba pay to the Trustee the sum of $200 per day, plus interest, for each day until all documents requested have been produced.

Moreover, the Trustee has incurred significant legal fees in obtaining compliance with the subpoena and order, as a consequence of Ms. Sciaba's contempt. The Trustee is entitled to reasonable compensation for the fees so incurred, which the Court now quantifies at $2,500.00. The contempt order will require that she pay this sum by a date certain.

A separate order will enter consistent with these rulings.

Date: October 25, 2005

Robert Somma
United States Bankruptcy Judge

cc: David Baker, Esq., for Adele Sciaba
    Michael L. Altman, Esq., for Trustee